CAUSE No.

67,748-10

REDDIE HOUSTON

VS.

RAY WHELESS, JUDGE
366TH DISTRICT COURT

COURT OF APPEALS
P.O. BOX 12308
CAPITOL STATION
AUSTIN, TEXAS 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 20 2015 HEV

Abel Acosta, Clerk

PETITION FOR WRIT OF MANDAMUS
TO THE HONORABLE JUDGE SAID COURT:

Now COMES, Reddie Houston, Petitioner, by and through his pro se of record files this his application for writ of mandamus complaining of Ray Wheless, Judge, Respodent, would show the Court the following:

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 02 2015 CLK

Abel Acosta, Clerk

I.

On the day of , 2015, Respondent was duly qualified and acting presiding judge of 366TH DISTRICT COURT of Collin County, Texas and said date in Cause 366-81813-06 styled THE STATE OF TEXAS vs. REDDIE HOUSTON entered an improper order to-wit:

Respondent denied Defendant's Motion right to MOTION FOR FORENSIC DNA TESTING for Relief Texas Code of CRIMINAL PROCEDURE UNDER CHAPTER 64.01 and has refused to set a hearing on said Motion.

Respondent denied Defendant's Motion for his Constitutional right to Guardian AND OTHER Representatives and refused to set a hearing on said Motion.

Respondent denied Defendant's request for his Constitutional right to Notice To State; Response and has refused to set a hearing on said motion.

Respondent denied Defendant's Requirements; Testing for his Constitutional right to Chapter 64 Motion For Forensic DNA TESTING and has refused to set a hearing on said motions.

Respondent denied Defendant's for this Constitutional right to findings and has refused to set a hearing on said motions.

The Motions and Orders involved are Exhibits (A), (B), (C), (D), (E), (F) and (G) are attached hereto and made a part hereof.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that LEAVE TO FILE this PETITION be "GRANTED," that same be set for submission, and that a WRIT OF Madamus be issued by the Court of Appeals ordering and directing the Respondent to set aside his ORDER and to "RULE" on Defendant's Motions.

Respectfully Submitted,
Reobdie Houston

CERTIFICATE OF SERVICE

I, Reddie Houston, do hereby certify that a true and correct copy of the foregoing WRIT OF MANDAMUS is being placed in the U.S. Mail postage on the 17 day August 2025.

Adressed to:

Andrea Stroh Thompson
COLLIN COUNTY DISTRICT CLERK
2100 BLOOMDALE ROAD
MCKINNEY, TEXAS 75070

ABLE ACOSTA
COURT OF APPEALS
P.O. BOX 12308
CAPITOL STATION
AUSTIN, TEXAS 78711

RAY WHELESS, JUDGE
366TH DISTRICT COURT
2100 BLOOMDALE ROAD
MCKINNEY, TEXAS 75070

GREG WILLIS DISTRICT ATTORNEY
DISTRICT ATTORNEY OFFICE
700 BLOOMDALE ROAD
MCKINNEY, TEXAS 75070

Reddie Houston Pro Se
ESTELLE UNIT
264 F.M 3478 ROAD
HUNTSVILLE, TEXAS 77320-3322

CAUSE NO.

REDDZE HOUSTON

VS.

RAY WHELESS
366TH DISTRICT

COURT OF APPEALS
P.O. BOX 12308
CAPTOL STATION
AUSTIN, TEXAS 78711

ORDER

On this day of , 2015, came on to be heard the Defendant's WRIT OF MANDAMUS and after due consideration of the same it is,

ORDERED that the Defendant's request for a hearing is (GRANTED / DENIED), and that said cause is set for hearing on the day of , 2015, and it is further,

ORDERED that the Defendant's request for writ of mandamus is (GRANTED / DENIED), and the Clerk of the Court is to notify said Defendant regarding the Writ of Mandamus of the Defendant this county for said DNA Testing.

JUDGE PRESIDING

# CHAPTER 64. MOTION FOR FORENSIC DNA TESTING

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 02 2015

Abel Acosta, Clerk

# ART. 64.01. MOTION

(a) A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. The motion must be accompained by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion.

(b) The motion may request forensic DNA testing only of evidence described by Subsection (a) that was secured in relation to the offense that is the basis of the challenged conviction and was in the possesion of the state during the trial of the offense, but:

    (1) was not previously to DNA testing:

      (A) because DNA testing was;

        (i) not available; or
        (ii) available, but not technologically capable of providing probative results; or

      (B) through no fault of the convicted person, for reasons that are of a nature such that the interests of justice require DNA testing; or

    (2) although previously subjected to DNA testing, can be subjected to testing with newer techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

(c) A convicted court is entitled to counsel during a proceeding under this chapter. The convicting court shall appoint counsel

for the convicted person if either person informs the court that the person wishes to submit a motion under this Chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is idigent. Counsel must be appointed under this subsection not later than the 45th day after the date the court finds reasonable grounds or the date the court determines that the person is indigent, whichever is later. Compensation of counsel is provided in the same manner as is required by:

(1) Article 11.071 for the representation of a petitioner convicted of a capital felony; and

(2) Chapter 26 for the representation in a habeas corpus hearing of an indigent defendant convicted of a felony other than a capital felony.

# ART. 64.011. GUARDIANS AND OTHER REPRESENTATIVES

(a) In this chapter, "guardian of a convicted person" means a person who is the legal guardian of the convicted person, whether the legal relationship between the guardian and convicted person exists because of the age of the convicted person or because of the physical or mental incompetency of the convicted person.

(b) A guardian of a convicted person may submit motions for the convicted person under this chapter and is entitled to counsel otherwise provided to a convicted person under this chapter.

## FEDERAL APPEALS

A state post-conviction motion for DNA testing tolls AEDPA's one-year limitations period, because a motion filed under Art. 64.01 qualifies as other collateral review, Hutson v. Quartman, 508 F.3d 236 (5th Cir. 2007).

## Art. 64.02. Notice to State; Response

(a) On receipt of the motion, the convicting court shall:

(1) provide the attorney representing the state with a copy of the motion; and

(2) require the attorney representing the state to take one of the following actions in response to the motion not later than the 60th day after the date the motion is served on the attorney representing the state:

(A) deliver the evidence to the court, along with a description of the condition of the evidence; or

(B) explain in writing to the court why the state cannot deliver the evidence to the court.

(b) The convicting court may proceed under Article 64.03 after the response period described by Subsection (a)(2) has expired, regardless of whether the attorney representing the state submitted a reponse under that subsection.

# Art. 64.03 Requirements; Testing

(a) A convicting court may order forensic DNA testing under this chapter only if:

(1) the court finds that:

(A) the evidence;

(i) still exists and is in condition making DNA testing possible; and

(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and

(B) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:

(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing is not made to unreasonable delay the execution of sentence or administration of justice.

(b) A convicted person, who pleaded guilty or nolo contendere or, whether before or after conviction, made a confession or similar admission in the case may submit this motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis that plea, confession or admission as

applicable.

(c) If the convicting court finds in the affirmative the issues listed in Subsection (a)(1) and the convicted person meets the requirement of Subsection (a)(2), the court shall order that the requested forensic DNA testing be conducted. The court may order the test to be conducted by:

(1) the Department of Public Safety;

(2) a laboratory operating under a contract with the department; or

(3) on the request of the convicted person, another laboratory if that laboratory if that laboratory is accredited under Section 411.0205, Government Code.

(d) If the convicting court orders that the forensic DNA testing be conducted by a laboratory other than a Department of Public Safety laboratory or a laboratory under contract with the department, the State of Texas is not liable for the cost of testing under this subsection unless good for payment of that cost has been shown. A political subdivision of the state is not liable for the cost of testing under this subsection, regardless of whether good cause for payment of

that cost has been shown. If the court orders that the testing be conducted by a laboratory described by this subsection, the court shall include in the order requirements that:

(1) the DNA testing be conducted in a timely and efficient manner under reasonable conditions designed to protect the integrity of the evidence and the testing process;

(2) the DNA testing employ scientific method sufficiently reliable and relevant to be admissible under Rule 702, Texas Rules of Evidence; and

(3) on completion of the DNA testing, the results of the testing and all data related to the testing required for an evaluation of the test results be immediately filed with the court and copies of the results and data be served on the convicted person and the attorney representing the state.

(e) The convicting court, not later than the 30th day after the conclusion of a proceeding under this chapter, shall forward the results to the Department of Public Safety.

## DEFENDANT'S SHOWING

Art, 64.03 requires convicted defendants to "show a reasonable probability exists that exculpatory DNA tests would prove their innocence." Kutzner v. State, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002);

A defendant is not entitled to DNA testing unless he first makes the required showing under Art. 64.03—for instance, that the DNA tests available at the time of his trial were not capable of providing probative results or there was a reasonable exculpatory results were obtained. Dinkins v. State, 84 S.W.3d 639 (Tex. Crim. App. 2002); see Smith v. State, 165 S.W.3d 361 (Tex. Crim. App. 2005) (trial judge's judicial notice of the trial record combined with defendant's motion and affidavit sufficient to justify testing under Chapter 64, Even though evidence could have been tested or was tested at the time of trial, a defendant may still be entitled to post-conviction testing. An item may be tested if any previously available method of DNA testing was not technologically capable of providing probative results, If DNA evidence was tested, it can be retested if the defendant can show that new testing techniques would likely provide results that are more

accurate and probative than previous results. Routier v. State, 273 S.W. 3d 241 (Tex. Crim. App. 2008).

When defendant files a post-conviction DNA testing, his motion and affidavit are not sufficient to justify a hearing unless it supports two issues: (1) that unaltered evidence is available for testing where the identity of the perpertrator was at issue, and (2) that the outcome of the trial would have been different had this evidence been tested, and the filing is not made for purposes of delay. In re McBride, 82 S.W. 3d 395 (Tex. App. — Austin 2002, no pet.).

## ART. 64.04. FINDING

After examing the results of testing under Article 64.03, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during trial of the offense, it is reasonably probable that the person would not have been convicted.

## TRIAL COURT AUTHORITY

Chapter 64 authorizes the convicting court to order DNA testing and no more; the trial judge has no authority to rule beyond findings that results were favorable or not favorable. Wolfe v. State, 120 S.W.3d 368 (Tex. Crim. App. 2003).

## ART. 64.05. APPEALS

An appeal under this chapter is to court of appeals in the same manner as an appeal of any other criminal matter, except that if the convicted person was convicted in a capital case and was sentence to death, the appeal is a direct appeal to the court of criminal appeals.

## APPELLATE JURISDICTION

The court of appeals have mandamus jurisdiction in criminal matters that is concurrent with the jurisdiction of the Court of Criminal Appeals, including over a defendant's petition asking a trial judge to appoint counsel for him counsel on his motion for DNA testing. Because the courts of appeals are generally the first resource for appeal from the district and county courts, so too should a petition for a writ of mandamus against the judg of a district or county court be presented first to the court of appeals unless there is a compelling reason not to do so. Padilla v. McDaniel, 122 S.W.3d 805 (Tex. Crim. App. 2003).